### COOTEY v. CHAPMAN et al.

*(Supreme Court, General Term, First Department.    June 26, 1891.)*

PRINCIPAL AND AGENT—EXISTENCE OF AGENCY—EVIDENCE.

> Plaintiff's husband managed an estate for its owner for more than 10 years.  After the death of the owner, plaintiff preferred a claim against the estate for her husband's services, alleging that he had acted as her agent in rendering the same. There was no evidence that plaintiff had ever employed her husband as agent for the management of the estate, or had any authority to do so, and there was a large number of unsatisfied judgments against the husband from which his motive in having the claim preferred in plaintiff's name appeared.  *Held*, that no agency for plaintiff was established, and that she was not entitled to recover.

Appeal from judgment on report of referee.

Action by Harriet Cooley against Julia A. Chapman and Clarence H. Kelsey, executors of George H. Chapman, deceased.    From a judgment for plaintiff, defendants appeal.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*Burnett & Whitney*, (*Edward B. Whitney*, of counsel,) for appellants.    *G. G. & F. Reynolds*, for respondent.

BARTLETT, J.    The plaintiff in this case made a claim of $18,870 against the executors of George M. Chapman for services alleged to have been rendered by Philip I. Cooley, the claimant's husband, in the care and general management of the estate of Mr. Chapman from June, 1876, to August, 1886.    The claim was referred under the statute, and, upon the report of the referee, judgment was entered in favor of the plaintiff for $537.94.    Notwithstanding this great difference between the claim and the recovery, I am satisfied, after reading through all the testimony contained in the appeal-book, that the plaintiff should not have recovered anything at all.    The plaintiff's claim is based on the theory that the services rendered to Mr. Chapman by her husband were performed by him as her agent.    This pretended agency was the merest fiction.    The wife carried on no business in her own name or otherwise, and it is apparent from the testimony of Mr. Cooley himself that he was to all intents and purposes, in everything which he did for Mr. Chapman, his own master, and the principal instead of an agent.    It is true that in 1876, at the outset of his employment, he did tell Mr. Chapman that he was acting as his wife's agent, and he wrote a letter with reference to the construction of certain houses, which he signed, "Philip I. Cooley, Agent for his Wife."    But it also appears that Mr. Chapman objected to this use of the wife's name, saying: "I do not object to the agreement between you and your wife that she shall take what comes to her in that way for your services.    I have no objection that she shall have a house for your services; but I object to her name appearing in any correspondence or in anything we have to do with each other in the future.    I want you to address me, and I address you."    Mr. Chapman also at this time declared that he could not do any business with Mr. Cooley if there was to be a woman's name in the matter, and Mr. Cooley says that he had to drop his wife's name in order to continue on with him.    From that time, during the 10 years over which the services extended, Mrs. Cooley's

name does not appear ever to have been mentioned again between Mr. Cootey and Mr. Chapman.   All the bills were rendered in the husband's name, and no mention of the wife is to be found in the correspondence between Mr. Cootey and Mr. Chapman.   The purpose of the husband in pretending to be the agent of his wife, and proposing at the beginning that her name should be used in his transactions with Mr. Chapman, is perfectly plain.   There were a large number of deficiency judgments against him, and he wanted to avoid paying them.   But a real agency is not established by the proof.   The relation of employer and employe never in fact existed between the wife and the husband. He was not her agent in any business, for she carried on no business; and to allow her to recover in this suit would be to permit an utterly fictitious assumption to overcome the facts of the case.   Persons cannot set up the relation of principal and agent simply by calling themselves principal and agent. Here it would be against the whole tenor of the evidence to hold that Mr. Chapman supposed that he was dealing with Mrs. Cootey as the real party in interest through the agency of her husband.   He had utterly refused to do anything of the kind, and the only acquiescence on his part that can be inferred from what was said between him and Mr. Cootey amounts merely to an expression of indifference as to what might be agreed upon between the wife and the husband in respect to the disposition to be made of whatever property Mr. Cootey might receive by way of compensation for his services. I thing the conclusions reached by the referee, so far as those conclusions are favorable to the plaintiff, are against the evidence, and that for this reason the judgment should be reversed.   All concur.